JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs Toby E. Kolman and Sherrie A. Kolman appeal from a judgment of the Berea Municipal Court purportedly granting judgment to defendant Building Works Co., Inc. on the Kolman's complaint and awarding Building Works damages on its counterclaim. The Kolmans argue:
 {¶ 2} I. THE TRIAL COURT ERRED IN FINDING THAT APPELLEE HAD NOT BREACHED THE TERMS OF IT'S [sic] CONTRACT WITH APPELLANTS.
 {¶ 3} II. THE TRIAL COURT ERRED IN BASING IT'S [sic] DECISION IN MAJOR PART UPON APPELLANTS NOT SUPPORTING THEIR EVIDENCE WITH EXPERT TESTIMONY.
 {¶ 4} III. THE TRIAL COURT ERRED IN AWARDING LIQUIDATED DAMAGES TO THE APPELLEE.
{¶ 5} For the following reasons, we find inconsistencies in the court's judgment which preclude our review of the merits of this case. Therefore, we vacate and remand for further proceedings.
 FACTUAL AND PROCEDURAL HISTORY
{¶ 6} The Kolmans originally filed their complaint in the municipal court on March 20, 2000, and amended it on April 24, 2000. The amended complaint alleged that the Kolmans entered into a contract with Building Works on February 11, 1998 for Building Works to construct an addition to the Kolmans' home for the sum of $37,756. The Kolmans claimed that Building Works did not construct the addition to their specifications, and would not refund their downpayment. The Kolmans then contracted with another builder to complete the work at a cost greater than they would have paid under their contract with Building Works. The Kolmans sought damages for the breach as well as the delay in completing the work.
{¶ 7} Building Works' answer denied the essential allegations of the complaint and asserted various affirmative defenses and a counterclaim for damages for the Kolmans' alleged breach in terminating the contract.
{¶ 8} T he case proceeded to trial before a magistrate on May 30, 2001. The magistrate filed his report and recommended decision on July 3, 2001, recommending that the court enter judgment for Building Works in the amount of $5,568.28. The Kolmans objected. On October 19, 2001, the court entered the following judgment entry and order:
 {¶ 9} The Magistrate's Report and Recommendation is approved and confirmed, and judgment is entered as follows:
 {¶ 10} Evidence presented. Plaintiff substantiated his claim, judgment is rendered for Plaintiff against Defendant in the amount of $5,568.28 plus court costs. Judgment includes interest as allowable by law at a rate of 10% per annum from 6/28/01.
 LAW AND ANALYSIS
{¶ 11} We are unable to reach the merits of the Kolmans' arguments because of an inconsistency in the court's judgment. Although the court adopted the magistrate's report and recommendation (which had recommended that the court enter judgment for defendant Building Works), the court expressly awarded judgment to the plaintiffs, the Kolmans, in the amount of $5,568.28. This inconsistency makes it impossible for us to review the court's decision: We cannot ascertain what the court's decision was from the face of the judgment entry.
{¶ 12} This difficulty is exacerbated by the fact that the court did not dispose of the Kolmans' objections to the magistrate's report. Pursuant to Civ.R. 53(E)(4)(b), [t]he court shall rule on any objections to a magistrate's report. This rule imposes a mandatory duty on the court to dispose of a party's objections to a magistrate's report. The rule was specifically amended in 1998 to clarify that the court is to rule upon, not just consider, any objections. Civ.R. 53, Staff Notes. Here, the court did not expressly rule on the Kolmans' objections, again making it impossible for us to ascertain the court's intent.
Therefore, we vacate the municipal court's judgment and remand for the court to rule upon the Kolman's objections and enter judgment accordingly.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and JAMES J. SWEENEY, J. CONCUR